IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYISHA RAMSEY, | : CIVIL ACTION |
| *Plaintiff,* | : No. |
| v. | : |
| | : JURY TRIAL DEMANDED |
| TRUEFOOD MFG, INC, and SPARTAN STAFFING, | : |
| *Defendant.* | : |

**COMPLAINT**

Plaintiff Tyisha Ramsey ("Ramsey"), by and through her attorneys, Kraemer, Manes & Associates, LLC, Kayla Drum, Esq. hereby files this Complaint against Defendant, and in support avers as follows:

**I. Nature of the Action**

1. Plaintiff brings this Complaint to recover damages relating to sexual harassment under Title VII of the Civil Rights Act of 1964 42 U.S.C § 2000e, and similar provisions under Pennsylvania Human Relations Act (PHRA) Title 43 P.S. § 955.

**II. Jurisdiction and Venue**

2. This action arises under Title VII of the Civil Rights Act of 1964 42 U.S.C § 2000e. This Court has jurisdiction over Plaintiff's retaliation claim pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4.     Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), on or about July 1, 2016.

## PARTIES

5. Plaintiff Tyisha Ramsey is an adult female individual, who currently resides at 102 Pearl Rd., Apt. 2A, Pittsburgh, PA 15235.

6. Defendant TrueFood Mfg., Inc. ("TrueFood") is located at 610 Alpha Dr., Pittsburgh, PA 15238.

7. Defendant Spartan Staffing ("Spartan") is a business located at 106 Gamma Dr., Pittsburgh, PA 15238. and employed Ramsey at all times relevant hereto via TrueFood Mfg., Inc.

## FACTS

8. Ramsey began working for Defendant TrueFood through Spartan on or about December 23, 2015.

9. In February 2016, Ramsey was approached by a coworker, Archie LNU ("Archie") who made a number of sexual comments to Ramsey such as:

   a. "I'm swinging" in reference to his penis size;

   b. "you want me to hit that? I'd have you screaming and crying at the end of the day" insinuating his sexual prowess;

   c. "you have a fat booty" referring to Ramsey's buttocks;

   d. Archie would look at Ramsey's breasts and say, "look at those";

   e. Archie would call Ramsey "cupcake" in reference to her buttocks;

   f. Archie showed Ramsey photos of his penis on his cell phone.

10. Ramsey told Archie to stop every time that he made a sexually harassing comment or showed her a photo of his penis.

11. Ramsey had to ask her supervisor to move her to another location away from the line because she was so uncomfortable working with Archie and being subjected to his sexual harassment.

12. On or about February 16th Ramsey complained to her manager Matt LNU ("Matt"). Matt said that he would "take care of it."

13. On February 17th, Ramsey reported Archie's sexual harassment to Gina LNU ("Gina") in human resources.

14. On February 18th Ramsey went to her hiring manager, Joe Orfie ("Orfie") to report an incident with another coworker, KC, who was making licking gestures at Ramsey.

15. Orfie told Ramsey that he would speak to Archie and KC and tell them to stop sexually harassing her.

16. Archie continued his sexually harassing behavior.

17. On February 23rd Ramsey was terminated and told that she was "not a good fit."

18. Ramsey was fully qualified to do her job.

19. Ramset was terminated in retaliation for reporting the egregious sexual harassment which had been perpetrated by Archie and KC.

### COUNT I
### Title VII of the Civil Rights Act of 1964 42 U.S.C § 2000e
### <u>SEX DISCRIMNATION - SEXUAL HARASSMENT & HOSTILE WORK ENVIRONMENT</u>

20. All preceding paragraphs are hereby incorporated, as if specifically averred herein.

21. The statute prohibits unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature. The statute also protects employees from

coercion, intimidation, threats, harassment, or interference with exercising their rights granted by Title VII.

22. Ramsey was sexually harassed by Archie and then by KC.

23. Ramsey was uncomfortable and felt unsafe at work.

24. Ramsey was subjected to a hostile work environment because of the constant and pervasive sexual harassment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

    (A)    Injunctive and declaratory relief;

    (B)    Loss of back wages;

    (C)    Loss of future wages;

    (D)    Punitive damages;

    (E)    Attorney's fees and costs;

    (F)    Pre-judgment and continuing interest; and

    (G)    Other such relief as the Court may deem just and proper

## COUNT II
### Pennsylvania Human Relations Act (PHRA), Title 43 P.S. § 955
### SEX DISCRIMINATION- SEXUAL HARASSMENT & HOSTILE WORK ENVIRONMENT

25. All preceding paragraphs are hereby incorporated, as if specifically averred herein.

26. The statute prohibits unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature. The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the PHRA.

27. Ramsey was sexually harassed by Archie and then by KC.

28. Ramsey was uncomfortable and felt unsafe at work.

29. Ramsey was subjected to a hostile work environment because of the constant and pervasive sexual harassment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(H) Injunctive and declaratory relief;

(I) Loss of back wages;

(J) Loss of future wages;

(K) Punitive damages;

(L) Attorney's fees and costs;

(M) Pre-judgment and continuing interest; and

(N) Other such relief as the Court may deem just and proper

### COUNT III
### Title VII of the Civil Rights Act of 1964 42 U.S.C § 2000e
### SEX DISCRIMNATION-SEXUAL HARASSMENT & RETALIATION

30. All preceding paragraphs are hereby incorporated, as if specifically averred herein.

31. The statute prohibits unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature. The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the TITLE VII.

32. Ramsey reported the sexual harassment to three parties, including telling Archie himself to stop sexually harassing her.

33. Ramsey was terminated several days after reporting the sexual harassment in retaliation for complaining about the sexual harassment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(O)  Injunctive and declaratory relief;

(P)  Loss of back wages;

(Q)  Loss of future wages;

(R)  Punitive damages;

(S)  Attorney's fees and costs;

(T)  Pre-judgment and continuing interest; and

(U)  Other such relief as the Court may deem just and proper

## COUNT IV
### Pennsylvania Human Relations Act (PHRA), Title 43 P.S. § 955
### SEX DISCRIMINATION- SEXUAL HARASSMENT & RETALIATION

34. All preceding paragraphs are hereby incorporated, as if specifically averred herein.

35. The statute prohibits unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature. The statute also protects employees from coercion, intimidation, threats, harassment, or interference with exercising their rights granted by the TITLE VII.

36. Ramsey reported the sexual harassment to three parties, including telling Archie himself to stop sexually harassing her.

37. Ramsey was terminated several days after reporting the sexual harassment in retaliation for complaining about the sexual harassment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor, and award the following damages against Defendants:

(V) Injunctive and declaratory relief;

(W) Loss of back wages;

(X) Loss of future wages;

(Y) Punitive damages;

(Z) Attorney's fees and costs;

(AA) Pre-judgment and continuing interest; and

(BB) Other such relief as the Court may deem just and proper

WHEREFORE, Plaintiff, Tyisha Ramsey, respectfully requests that this Honorable Court enter judgment in her favor and against that of Defendants Spartan and TrueFood, and grant Plaintiff the following damages: back pay, front pay as appropriate, compensatory and punitive damages, cost of suit, attorney's fees and any other relief as the court may deem necessary.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

Kayla Drum, Esq.

**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 660
Pittsburgh, PA 15219
412.626.5594 (p)
412.637.9233 (f)
kd@lawkm.com